37  307
53e 267

RILEY A. BRICK ads. THE FREEHOLD NATIONAL BANKING COMPANY.

1. When the holder of a promissory note receives from the maker a conveyance of certain property as collateral security for the payment of the note, the law implies no contract on the part of the creditor to proceed on the collaterals before he can sue the surety. The surety may at any time after the debt becomes due and owing, discharge it and take the collaterals.

2. The rights of the parties are not affected by the fact that the collaterals have depreciated between the time of the maturity of the debt for payment of which they were pledged, and the commencement of suit against the surety.

On rule to show cause why verdict for plaintiffs should not be set aside and new trial granted.

For the defendant, *W. H. Vredenburgh*.

The opinion of the court was delivered by

DALRIMPLE, J.   The defendant in this case is sued as endorser of a promissory note.  The defence is, that the plaintiffs, the holders of the note, received from the maker a conveyance of certain property as collateral security for the payment of the note, and that because of their failure to sell the collaterals and appropriate the proceeds of the sale to the liquidation of the debt, coupled with the fact that the property held as collateral, had somewhat depreciated in value, between the time of the maturity of the note and the commencement of the suit, the right of action as against the defendant, who is an accommodation endorser, is lost.   This proposition cannot be maintained.   It is well settled that mere delay by the creditor to sue the principal debtor will not discharge the surety, for the obvious reason that the surety may at any time discharge his obligation to the creditor, and thus make the principal his debtor.   The same rule holds when collaterals are pledged by the principal debtor.   The surety may at any time after the debt becomes due and owing, discharge it and take the collaterals.   The law implies no contract on the part of the creditor to proceed on the collaterals before he can sue the surety.   Nor are the rights of the parties affected by the fact that the collaterals have depreciated between the time of the maturity of the debt, for payment of which they were pledged, and the commencement of suit against the surety.  These principles are recognized as sound law by the Court of Appeals of New York, in the well considered case of *Schroeppell* v. *Shaw*, reported in 3 *Comstock* 446.   The same case will be found reported in 5 *Barb.* 580.

But whatever may be the correct general rule on the subject, it is not shown in this case that the plaintiffs have been

guilty of any neglect to the prejudice of the defendant. For aught that appears, the collaterals were, at the commencement of the suit, in as good condition, natural wear and tear excepted, as they were when the cause of action accrued. Besides it is fairly inferable from the evidence, that the plaintiffs, after the note became due and before bringing suit thereon, made a reasonable effort to sell the collaterals.

Another and complete answer to the defence is, that by written stipulation the plaintiffs were bound, in case defendant was obliged to pay the note, to transfer the collaterals to him. In order to fulfil this stipulation, it was necessary for plaintiffs to retain the collaterals, if they could not be sold for a sufficient sum to pay the note in full, otherwise their right of action against the defendant would have been gone.

It is hardly necessary to add that the defendant's offer to pay the note prior to its maturity, on condition that the collaterals should be at once assigned to him, was of no effect, especially in view of the fact that the plaintiffs were under written stipulation, executed and delivered simultaneously with that given to the defendant, to convey the collaterals to the wife of one of the makers of the note, on payment of the note by him.

In the submission of the case by the court to the jury, no legal principle was violated. Substantial justice has been attained, and the rule to show cause should be discharged, with costs.

The Chief Justice, and Justices Depue and Scudder concurred.